UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:17-cv-62250-WJZ

AUTONATION, INC., a Delaware
corporation,

                *Plaintiff*,

vs.

ROBERT MCMANN, an individual,

                *Defendant*.

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Defendant Robert McMann ("Mr. McMann") hereby files his Answer and Affirmative Defenses to AutoNation Inc.'s ("AutoNation") Amended Complaint for Injunctive Relief and Damages (D.E. 1) and states as follows:

**INTRODUCTION**

1. ADMITTED.

2. ADMIT that Mr. McMann signed a Confidentiality, No-Solicitation / No-Hire and Non-Compete Agreement ("Non-Compete Agreement"), which is attached as Exhibit "1". ADMIT that McMann accepted employment as the General Manager of Phil Long Ford Chapel Hills, which is located at 1565 Auto Mall Loop, Colorado Springs, CO 80920. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. All remaining allegations are DENIED.

**PARTIES, JURISDICTION AND VENUE**

3. ADMIT as to the nature of the action. All remaining allegations are DENIED.

4. ADMITTED.

5. ADMITTED.

6. The first sentence of paragraph 6 is DENIED. The remaining allegations are ADMITTED for the purposes of venue only.

7. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. All remaining allegations, including the subparts to paragraph 7, are DENIED.

8. DENIED.

9. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. ADMIT that paragraph 2(b) of the Non-Compete Agreement discusses the inventorying and delivery of certain materials. All remaining allegations are DENIED.

## GENERAL ALLEGATIONS

**A. AutoNation and the business interests this action seeks to protect**.

10. ADMIT that AutoNation is engaged in the business of owning and operating vehicle dealerships. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the remaining allegations in the first sentence in paragraph 10, therefore, DENIED. All remaining allegations are DENIED.

   1. **The valuable, confidential business information AutoNation makes available to senior management**.

11. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. Mr. McMann is

without knowledge or information sufficient to form a belief about the truth regarding the remaining allegations in paragraph 11, therefore, DENIED.

12. ADMIT that some documents called Best Practices policies were made available to Mr. McMann. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the development of and content within the Best Practices policies, therefore, DENIED. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. All remaining allegations are DENIED.

13. ADMIT that some documents called Peer Performance Reports were made available to Mr. McMann. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the development of and content within the Peer Performance Reports, therefore, DENIED. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. All remaining allegations are DENIED.

14. ADMIT that some documents called Monthly Operating Review Sheets were made available to Mr. McMann. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the development of and content within the Monthly Operating Review Sheets, therefore, DENIED. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. All remaining allegations are DENIED.

15. ADMIT that part of AutoNation's Dealer Central website was available to Mr. McMann. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the development of and content within the Dealer Central Website, therefore, DENIED.

DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. All remaining allegations are DENIED.

16. ADMIT that part of AutoNation's Compensation Tools Program was available to Mr. McMann. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the development of and content within the Compensation Tools Program, therefore, DENIED. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. All remaining allegations are DENIED.

17. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the design and intended purpose of the "above-described programs", the availability of the "above-described programs" to other persons, and the dissemination of the "above-described programs" to the public, therefore, DENIED. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. All remaining allegations are DENIED.

18. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the information made available by AutoNation to each senior manager, information given by AutoNation to its General Managers, and what AutoNation encouraged other General Managers to do, therefore, DENIED. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. All remaining allegations are DENIED.

    **2. <u>Other valuable information and specialized training AutoNation provides to General Managers</u>**.

19. ADMIT that Mr. McMann attended AutoNation's General Manager University ("GMU"). Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the remaining allegations, therefore, DENIED.

20. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the allegations in paragraph 20, therefore, DENIED.

21. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding preparation of the core curriculum at GMU, therefore, DENIED. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. All remaining allegations are DENIED.

22. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the time and resources spent by AutoNation training General Managers, therefore, DENIED. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. All remaining allegations are DENIED.

23. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the attendance of "All General Managers" at meetings, therefore, DENIED. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. All remaining allegations are DENIED.

24. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the effort and cost expended by AutoNation in training General Managers, therefore, DENIED. DENIED that the information described in this paragraph is confidential or

proprietary information that constitutes a legitimate business interest under Florida law. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. All remaining allegations are DENIED.

B. **Mr. McMann's access to AutoNation's valuable and confidential business information and specialized training**.

25. ADMITTED.

26. ADMIT that Mr. McMann earned over $230,000 Dollars in 2016. All remaining allegations are DENIED.

27. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding the allegations in paragraph 27, therefore, DENIED.

28. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. All remaining allegations are DENIED.

C. **Mr. McMann's promises not to compete with AutoNation**.

29. ADMIT that Mr. McMann signed Exhibit "1". DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. All remaining allegations are DENIED.

30. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. DENIED that the information described in this paragraph is confidential or proprietary information that constitutes a legitimate business interest under Florida law. Mr. McMann is without knowledge or information sufficient to form a belief about the truth regarding AutoNation's reason for implementing restrictive covenants, therefore, DENIED. All remaining allegations are DENIED.

31. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. All remaining allegations are DENIED.

32. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. All remaining allegations are DENIED.

33. ADMIT that Mr. McMann accepted a position with Phil Long Ford Chapel Hills in Colorado Springs, Colorado. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. All remaining allegations are DENIED.

34. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. All remaining allegations are DENIED.

35. DENIED.

### COUNT I – BREACH OF NON-COMPETE AGREEMENT

36. Mr. McMann re-alleges and incorporates by reference the answers and denials in and to paragraphs 1 through 35 above as if fully set forth herein.

37. DENIED.

38. DENIED.

39. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. All remaining allegations are DENIED.

40. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. All remaining allegations are DENIED.

41. DENIED that the restrictive covenants contained in the Non-Compete Agreement are enforceable. All remaining allegations are DENIED.

42. DENIED.

WHEREFORE: The Wherefore clause, and all of its subparts, are DENIED.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**
[COMPETITION PRIVILEGE]

AutoNation's claims are barred in whole or in part by the affirmative defense of competition privilege. Any claims based on Mr. McMann's involvement in an allegedly competitive business must fail because his conduct in that respect is privileged. Restrictive covenants are only enforceable to the extent they are necessary to protect a legitimate business interest. AutoNation has no legitimate business interests, rendering the restrictions at issue entirely unenforceable. Even if AutoNation can prove that some legitimate business interest exists, the restrictions are then only enforceable to protect, e.g., (1) Confidential and proprietary information that Mr. McMann learned at AutoNation and could now use against them in his new job or (2) Substantial, protectable customer relationships between AutoNation and specific customers. Even if AutoNation can prove such interests, any conduct in the marketplace by Mr. McMann that does not implicate such interests, including his employment or affiliation with Phil Long Ford Chapel Hills, is entitled to competition privilege.

**SECOND AFFIRMATIVE DEFENSE**
[ILLEGALITY]

AutoNation's claims are barred, in whole or in part, by the affirmative defense of illegality. Restrictive covenants are only enforceable to the extent they are necessary to protect a legitimate business interest. *See* Fla. Stat. § 542.33. Any restrictive covenant that is broader or more restrictive than necessary to protect a legitimate business interest is an unlawful restraint of trade. The restrictive covenants contained in the Non-Compete Agreement serve no purpose other than to prevent ordinary, lawful competition and are therefore illegal restraints of trade.

### THIRD AFFIRMATIVE DEFENSE
[WAIVER]

AutoNation's claims are barred, in whole or in part, by the affirmative defense of waiver. AutoNation waived its right to enforce the restrictive covenants in the Non-Compete Agreement when it knowingly authorized and consented to Mr. McMann's employment with Phil Long Ford Chapel Hills.

Additionally, AutoNation has permitted other former employees subject to similar restrictive covenants to work for competitive auto dealerships, without pursuing legal action against such former employees. AutoNation's non-enforcement of its restrictive covenants has caused it to waive its alleged protectable business interests in its alleged confidential business information and specialized or extraordinary training because such information and training are in the possession of or are otherwise available to its alleged competitors.

Finally, AutoNation has shared its allegedly confidential or proprietary information with its shareholders and with individual employees and agents who are not party to any non-competition agreements, non-disclosure agreements, or confidentiality agreements. As such, AutoNation has waived any protectable interest in its allegedly confidential or proprietary information.

### FOURTH AFFIRMATIVE DEFENSE
[EQUITABLE ESTOPPEL]

AutoNation's claims are barred, in whole or in part, by the affirmative defense of equitable estoppel. AutoNation knowingly and expressly authorized and consented to Mr. McMann's employment with Phil Long Ford Chapel Hills. AutoNation has now changed its position and insists that Mr. McMann is still bound by the restrictive covenants. AutoNation is equitably estopped from taking this position.

## FIFTH AFFIRMATIVE DEFENSE
[UNCLEAN HANDS]

AutoNation's claims are barred, in whole or in part, by the affirmative defense of unclean hands. AutoNation made a fraudulent misrepresentation when it expressly consented to and approved Mr. McMann's employment with Phil Long Ford Chapel Hills, the exact employment it now seeks to enjoin Mr. McMann from continuing. AutoNation cannot now come to this Court and seek equitable relief under the restrictive covenants.

## DEMAND FOR JURY TRIAL

Mr. McMann demands a trial by jury as to all issues so triable.

## DEMAND FOR JUDGMENT

Mr. McMann demands judgment be entered in his favor on all counts and affirmative defenses as well as other relief this Court deems just.

## DEMAND FOR ATTORNEYS' FEES

Mr. McMann demands an award of his reasonable attorneys' fees and costs incurred during the course of this litigation.

Dated: November 20, 2017                    Respectfully submitted,

By: s/ *Christopher S. Prater*
Christopher S. Prater
Florida Bar No. 105488
cprater@pollardllc.com

Jonathan E. Pollard
Florida Bar No. 83613
jpollard@pollardllc.com

David J. Yaffe
Florida Bar No. 125488
dyaffe@pollardllc.com

>   **Pollard PLLC**
>   401 E. Las Olas Blvd. #1400
>   Fort Lauderdale, FL 33301
>   Telephone: 954-332-2380
>   *Attorneys for Defendant Robert McMann*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>   By: s/ *Christopher S. Prater*
>   Christopher S. Prater

## SERVICE LIST
### CASE NO. 0:17-cv-62250-WJZ

**BODKIN STAGE WARD, PLLC**
54 SW Boca Raton Blvd
Boca Raton, Florida 33432
Phone: 561.810.1600
Fax: 561.300.2128

JON K. STAGE
FBN 779430
E-mail: jstage@hswlawgroup.com
Secondary e-mail: dcharise@hswlawgroup.com

ADAM J. BODKIN
FBN 962597
E-mail: ahodkin@hswlawgroup.com
Secondary e-mail: daurand@hswlawgroup.com
*Attorneys for Plaintiff*
*Via Notice of Electronic Filing*